**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AYANDA EARLY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-808-WBV-JVM** |
| **MISSISSIPPI FARM BUREAU CASUALTY INSURANCE COMPANY, ET AL.** | **SECTION: D (1)** |

**ORDER AND REASONS**

For the reasons stated below, the Court finds that it lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332, and the matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, Louisiana.

## I. FACTUAL AND PROCEDURAL HISTORY

On or about January 21, 2021, Ayanda Early and Corey Williams (collectively, "Plaintiffs") filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, Louisiana against Mississippi Farm Bureau Casualty Insurance Company ("Farm Bureau"), State Farm Mutual Automobile Insurance Company ("State Farm") and Hunter Smith.[1] Plaintiffs allege that on or about July 2, 2020, Early was driving with Williams as a passenger in her vehicle when Smith improperly changed lanes and struck their vehicle.[2] Plaintiffs allege that at all material times herein, Farm Bureau was Smith's liability insurer and State Farm was Smith's uninsured/underinsured motorist insurer.[3] Plaintiffs further allege that

---

[1] R. Doc. 1-2.
[2] *Id*. at ¶ 2.
[3] *Id*. at ¶¶ 4-5.

they each suffered personal injuries as a result of the accident, and they seek past and future physical pain and suffering, past and future mental anguish, past and future medical expenses, property damage and/or property damage deductible, loss of use of vehicle, rental car expenses and "any and all other damages" which will be proved at trial.[4] Plaintiffs allege that "their individual damages may exceed the specific amount of damages necessary to establish the right to a jury trial. Plaintiffs reserve their individual right to supplement and/or amend this paragraph of their petition, as the nature and extent of their injuries and resultant damages may change over time."[5]

On April 21, 2021, Farm Bureau removed the matter to this Court, asserting that the Court has subject matter jurisdiction based upon 28 U.S.C. § 1332, diversity jurisdiction.[6] The Notice of Removal, however, failed to adequately allege the citizenship of the defendants or establish by a preponderance of evidence that the amount in controversy was met. Farm Bureau acknowledged that the amount in controversy was not facially apparent from the Petition for Damages. Farm Bureau, however, suggested that the jurisdictional threshold was met because Plaintiffs had responded to a Request for Admission on March 25, 2021 that they could "neither admit nor deny" that their damages were worth less than $75,000.[7] Farm Bureau argued that it had "met its burden of establishing that Plaintiffs have not disputed that the amount in controversy exceeds $75,000 and plaintiff [sic] has not averred or

---

[4] *Id*. at ¶¶ 6-7, 9.
[5] *Id*. at ¶ 3.
[6] R. Doc. 1 at Introductory Paragraph and ¶¶ IV-XVI.
[7] *Id*. at ¶ VII.

offered a binding stipulation that they affirmatively renounce the right to accept a judgment in excess of $75,000," which Farm Bureau contends is required under Fifth Circuit jurisprudence.[8]

After reviewing the Notice of Removal, the Court issued an Order *sua sponte* on April 22, 2021, pointing out that it was unclear whether Farm Bureau had satisfied its burden of establishing complete diversity between the parties and that the amount in controversy exceeds $75,000.[9] The Court gave Farm Bureau seven days to file a comprehensive amended notice of removal setting forth the citizenship particulars and the amount in controversy as required to establish that the Court has diversity jurisdiction over this case.[10] In the Order, the Court specifically advised Farm Bureau of a decision from one of our sister courts, in which the district court considered an identical discovery response to the one relied upon by Farm Bureau, and concluded that, "An uncertainty or contingency concerning the amount of damages does not satisfy the defendant's burden of proving the amount in controversy."[11]

On April 26, 2021, Farm Bureau timely filed an Amended Notice of Removal, pursuant to the Court's April 22, 2021 Order.[12] In the Amended Notice of Removal, Farm Bureau adequately alleges the citizenship of the parties, who appear to be

---

[8] *Id.* at ¶ X (citing *Gautreau v. Lowe's Home Ctr. Inc.*, Civ. A. No. 12-630-JJB-SCR, 2012 WL 7165280 (M.D. La. Dec. 19, 2012); *Davis v. State Farm*, Civ. A. No. 06-560, 2006 WL 1581272 (E.D. La. June 7, 2006); *Kaplan v. Prime Demolition & Disposal, LLC,* Civ. A. No. 08-4714, 2008 WL 5264024 (E.D. La. Dec. 12, 2008)).
[9] R. Doc. 4.
[10] *Id.*
[11] *Id.* at p. 2 (quoting *Stampley v. Fred's Dollar Store of Mississippi, Inc.*, Civ. A. No. 5:07-cv-153(DCB)(JMR), 2008 WL 480002, at *3 (S.D. Miss. Feb. 16, 2008)).
[12] R. Doc. 5.

diverse.[13] As to the amount in controversy, Farm Bureau again asserts that the amount in dispute is not facially apparent from the Petition for Damages, and notes Plaintiffs' March 25, 2021 Responses to Request for Admissions in which Plaintiffs state that they "can neither admit nor deny" that their damages are worth less than $75,000.[14] Farm Bureau additionally asserts that, "When the dispute in controversy concerns the coverage provided by an insurance policy, the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under that policy."[15] Farm Bureau asserts that the coverage limit on the insurance policy it issued is $100,000 per person and $300,000 per accident.[16] These additional assertions are repeated later in the Amended Notice of Removal,[17] and also appeared near the end of the original Notice of Removal.[18] Farm Bureau again argues in its Amended Notice of Removal that it is apparent from Plaintiffs' discovery response on March 25, 2021 that Plaintiffs do not explicitly deny that the amount in controversy is less than $75,000.[19]

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[20] When original jurisdiction is based on diversity of citizenship, the cause of action must be between

---

[13] *Id*. at ¶¶ XIII-XVI.
[14] *Id*. at ¶ VII (*citing* R. Doc. 5-4).
[15] R. Doc. 5 at ¶ VIII (citing *M&M Mach. Shop, Inc. v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-10450, 2007 WL 397236, at *2 (E.D. La. Feb. 1, 2007).
[16] R. Doc. 5 at ¶ VIII (*citing* R. Doc. 5-5).
[17] R. Doc. 5 at ¶ XXIV.
[18] R. Doc. 1 at ¶ XXII.
[19] R. Doc. 5 at ¶ XXIII.
[20] 28 U.S.C. § 1441(a).

"citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[21] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[22] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[23] The removing party has the burden of proving federal diversity jurisdiction.[24] If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[25]

Remand is proper if at any time the court lacks subject matter jurisdiction.[26] Additionally, "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties."[27] "Though a court may not *sua sponte* remand a case for procedural defects, § 1447(c) makes clear that a court must remand a case if it determines that it lacks subject matter jurisdiction."[28]

---

[21] 28 U.S.C. § 1332(a)-(a)(1).
[22] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[23] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[24] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[25] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[26] *See,* 28 U.S.C. § 1447(c).
[27] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).
[28] *Harrison v. Crowley Maritime Corporation*, 181 F. Supp. 3d 441, 443 (S.D. Tex. 2016) (citing *Coleman v. Alcolac, Inc.*, 888 F. Supp. 1388, 1394 (S.D. Tex. 1995)).

In Louisiana courts, plaintiffs may not specify the numerical value of a claim for damages and may receive relief not requested in the pleadings.[29] As such, a defendant seeking removal from Louisiana state court to federal court must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[30] According to the Fifth Circuit, a defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000; or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.[31] If it is not "facially apparent" that a plaintiff's claims exceed the jurisdictional threshold, the court may rely on summary-judgment-type evidence to ascertain the amount in controversy.[32]

## III. ANALYSIS

Applying the foregoing principles to the Amended Notice of Removal, the Court finds that Farm Bureau has failed to show by a preponderance of the evidence that Plaintiffs' claims are likely to exceed $75,000. Farm Bureau does not claim that it is facially apparent from the Petition for Damages that the amount in controversy is likely to exceed $75,000. The Court agrees, as it is well-settled in this Circuit that pleading general categories of damages, such as pain and suffering, disability, lost

---

[29] *Lottinger v. State Farm Fire and Cas. Co.*, Civ. A. No. 13-6193, 2014 WL 4403440, at *2 (E.D. La. Sept. 5, 2014) (*citing* La. Code Civ. P. arts. 893 & 862).
[30] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[31] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal quotation marks omitted).
[32] *Lottinger*, Civ. A. No. 13-6193, 2014 WL 4403440 at *2 (quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)) (internal quotation marks omitted).

wages, loss of earning capacity, medical expenses, etc., without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the facially apparent test.[33]

Although the Amended Notice of Removal is not a model of clarity, to the extent Farm Bureau claims that it is facially apparent from Plaintiffs' March 25, 2021 discovery response that the amount in dispute exceeds $75,000, the Court rejects that assertion as meritless.[34] Farm Bureau asserts that it timely removed this matter within 30 days of receiving Plaintiffs' discovery responses, pursuant to 28 U.S.C. § 1446(b)(3).[35] Section 1446(b)(3) allows a notice of removal to be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[36] The Fifth Circuit has held that the 30-day period will only begin to run if the information supporting removal in an amended pleading, motion, order or other paper is "unequivocally clear and certain."[37] This Court, as well as several other district courts in this Circuit, have held that discovery responses in which a plaintiff neither admits nor denies that the value of her claim exceeds $75,000 are not "unequivocally

---

[33] *Dunomes v. Trinity Marine Products, Inc.*, Civ. A. No. 14-1968, 2014 WL 7240158 (E.D. La. Dec. 19, 2014) (citing authority).
[34] *See*, R. Doc. 5 at ¶¶ VII, XXVI.
[35] R. Doc. 5 at ¶ X.
[36] 28 U.S.C. § 1446(b)(3).
[37] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir. 1979)) (internal quotation marks omitted).

clear and certain," as required by the Fifth Circuit.[38] Indeed, in our April 22, 2021 Order, this Court specifically advised Farm Bureau of an opinion from one of our sister courts, where the district court rejected the same arguments raised by Farm Bureau regarding Plaintiffs' discovery response.[39] Instead of addressing that opinion or attempting to distinguish it from the facts of this case, however, Farm Bureau chose to simply ignore it. As in those prior cases, the Court finds that Plaintiffs' March 25, 2021 discovery response does not constitute unequivocally clear and certain information supporting removal.

To the extent Farm Bureau insinuates, without asserting directly, that the amount in controversy is met in this case based upon the coverage limits of its policies issued to Smith,[40] the Court likewise rejects that argument as completely baseless. Farm Bureau cites the Fifth Circuit's decision in *Buras v. Birmingham Fire Ins. Co. of Penn.*, as well as this Court's decision in *M&M Mach. Shop, Inc. v. State Farm Fire & Cas. Co.*, in support of its position.[41] However, a simple keycite review of the *Buras* decision, relied on by Farm Bureau, reveals a prior decision from this Court that rejected such a construction of *Buras*. In *Lottinger v. State Farm Fire and Cas. Co.*, the defendant argued that its total potential liability to the plaintiff exceeded $75,000

---

[38] *Ussery v. Alpha Mut. Insur. Co.*, Civ. A. No. 06-0495, 2016 WL 8456482, at *5 (E.D. La. June 6, 2006) (citing *Llopis v. The Great Atlantic & Pacific Tea Co.*, Civ. A. No. 03-1106, 2003 WL 21467536, at *1 (E.D. La. June 20, 2003); *Katz v. Fortis Insur. Co.*, Civ. A. No. 3:03-CV-2983-P, 2004 WL 839655, at *3 (N.D. Tex. Apr. 16, 2004)). *See also*, *Stampley v. Fred's Dollar Store of Mississippi, Inc.*, Civ. A. No. 5:07-cv-153(DCB)(JMR), 2008 WL 480002, at *3 (S.D. Miss. Feb. 16, 2008).

[39] R. Doc. 4 at p. 2 (quoting *Stampley v. Fred's Dollar Store of Mississippi, Inc.*, Civ. A. No. 5:07-cv-153(DCB)(JMR), 2008 WL 480002, at *3 (S.D. Miss. Feb. 16, 2008)).

[40] R. Doc. 5 at ¶¶ VIII & XXIV.

[41] *Id.* at ¶ VIII (citing *M&M Mach. Stop, Inc.*, Civ. A. No. 06-10450, 2007 WL 397236, at *2 (E.D. La. Feb. 1, 2007)); R. Doc. 5 at ¶ XXIV (citing *Buras*, 327 F.2d 238, 238-39 (5th Cir. 1964).

pursuant to the insurance policy issued to the plaintiff, citing *Buras* in support of its assertion that, "[w]hen the dispute in controversy concerns the coverage provided by an insurance policy, the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under that policy."[42] Another Section of this Court held that *Buras* "does not support State Farm's assertion."[43] The Court concluded that *Buras* "did not state that the total coverage amount of an insurance policy establishes the amount in controversy where the total coverage amount is not claimed due by the insured. State Farm cites no other authority on this point. Therefore, its assertion fails for lack of support."[44] The same is true in this case.

The Court further finds that our prior decision in *M&M Mach. Shop, Inc.* likewise does not stand for the proposition that an insurer's policy limits are sufficient to establish that the amount in controversy is met.[45] In that case, another Section of this Court concluded that, "Based on the plaintiff's allegations, the insurance policy limits, *and the plaintiff's assertion that state law penalties and attorney's fees should be awarded*, State Farm has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000."[46] Thus, this Court did not hold in *M&M Mach. Shop, Inc.* that policy limits, alone, are sufficient to establish the amount in controversy, as argued by Farm Bureau in its Amended Notice of Removal. Because Farm Bureau fails to cite any additional legal authority in supports of its position,

---

[42] *Lottinger*, Civ. A. No. 13-6193, 2014 WL 4403440, at *5 (*quoting* R. Doc. 1 at p. 4) (internal quotation marks omitted).
[43] *Lottinger*, Civ. A. No. 13-6193, 2014 WL 4403440, at *5.
[44] *Id.*
[45] Civ. A. No. 06-10450, 2007 WL 397236.
[46] Civ. A. No. 06-10450, 2007 WL 397236 at *2 (emphasis added).

the Court finds that Farm Bureau has failed to show that the amount in controversy is met in this case based upon Farm Bureau's policy limits.

Finally, the Court notes that Farm Bureau seems to argue that it has met its burden of proving the amount in controversy is met in this case because "Plaintiffs have not disputed that the amount in controversy exceeds $75,000 and plaintiff [sic] has not averred or offered a binding stipulation that they [sic] affirmatively renounce the right to accept a judgment in excess of $75,000, as would be required pursuant to" prior authority from this Court.[47] As previously, and repeatedly, explained by one of our sister courts, a plaintiff has no legal obligation to sign such a stipulation, and the failure to stipulate is but one factor that this Court may consider when analyzing whether the amount in controversy is met.[48] As in those cases, Farm Bureau's repeated complaint that Plaintiffs have failed to provide sufficient information regarding the amount in controversy and that Plaintiffs have failed to stipulate to damages less than $75,000 is not enough to meet its burden of proof.[49] "There must be allegations of fact or other evidence in the record to support a determination of whether the amount in controversy is met. Mere silence or inaction by the plaintiff, without facts to suggest the requisite amount in controversy, cannot satisfy the defendant's burden."[50]

---

[47] R. Doc. 5 at ¶ XII (citing authority); R. Doc. 5 at ¶¶ XXV.
[48] *Hopkins v. Crown Associates, LLC*, Civ. A. No. 18-595-BAJ-EWD, 2018 WL 8496020, at *6 (E.D. La. Oct. 25, 2018) (citing authority).
[49] *Id.*
[50] *Id.* (quoting *Wright Family Investments, LLC v. Jordan Carriers, Inc.*, Civ. A. No. 12-826, 2012 WL 2457664, at *4 (W.D. La. June 25, 2012)) (internal quotation marks omitted).

Accordingly, the Court finds that Farm Bureau has not satisfied its burden to establish, by a preponderance, that the amount in controversy likely exceeds $75,000, exclusive of interest and costs.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that this matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, May 4, 2021.

Wendy B. Vitter
______________________________
**WENDY B. VITTER**
**United States District Judge**